IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CLAYTON FAERBER, Individually and as the Administrator of the Estate of D.F., a Minor | PLAINTIFF |
| v. | CAUSE NO. 1:20-CV-328-LG-RPM |
| BP EXPLORATION & PRODUCTION INC. and BP AMERICA PRODUCTION COMPANY | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE ORDER

**BEFORE THE COURT** are a [37] Motion for Summary Judgment filed by Defendants, BP Exploration & Production Inc. and BP America Production Company ("BP"), and a related [46] Motion for Review of Magistrate Judge Order filed by Plaintiff, Clayton Faerber, Individually and as the Administrator of the Estate of D.F., a Minor. After reviewing the submissions of the parties, the record in this matter and the applicable law, the Court finds that Defendants are entitled to summary judgment. Further, the Court affirms the Magistrate Judge's order denying modification of the deadlines in this matter.

### BACKGROUND

This case arises out of the Medical Benefits Class Action Settlement Agreement ("MSA") in the *Deepwater Horizon* litigation.[1] Plaintiff, a "Zone A

---

[1] *See* Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on*

Resident" under the MSA,[2] filed this Back-End Litigation Option ("BELO") lawsuit against BP alleging that his minor child, D.F., was exposed to oil and chemical dispersants after the blowout of the Macondo Well which caused the *Deepwater Horizon* oil spill. (Compl. ¶¶ 12-22, at 3-5, ECF No. 1). Due to the exposure to the harmful chemicals, D.F. allegedly suffered permanent injuries and was diagnosed on December 11, 2015, with T-Cell Acute Lymphoblastic Leukemia. (*Id.* ¶ 27, at 6). D.F. passed away from cancer on December 14, 2017. (*Id.* ¶ 28, at 6). Plaintiff filed this lawsuit on June 10, 2020, in the Eastern District of Louisiana. Plaintiff's case was transferred to this Court on October 19, 2020.

The Court's [22] Case Management Order required Plaintiff to designate experts by April 16, 2021. On April 15, 2021, Plaintiff filed a [34] Motion to modify this deadline so that he could designate a new expert, Dr. Natalie Perlin, who is expected to give opinions concerning the effects of "invisible oil."[3] Plaintiff also

---

*April 20, 2010*, No. 2:10-md-2179, 808 F. Supp. 2d 943 (E.D. La. 2012) (ECF No. 6427-1) ("MSA").

[2] A "Zone A Resident" is a person who "[r]esided in ZONE A for some time on each of at least sixty days between April 20, 2010, and September 30, 2010 . . ., and developed one or more SPECIFIED PHYSICAL CONDITIONS between April 20, 2010, and September 30, 2010." MSA at 9, *In re Oil Spill*, 808 F. Supp. 2d 943 (E.D. La. 2012) (No. 10-md-2179) (ECF No. 6427-1).

[3] Dr. Perlin co-authored a February 12, 2020, study entitled "Invisible Oil Beyond the Deepwater Horizon Satellite Footprint." Dr. Perlin's research seeks to calculate the extent of the Deepwater Horizon Oil Spill, as well as the toxicity of the released oil. As stated by Plaintiff:

> Due to the invisible nature of the oil, resulting from the novel and untested use of nearly 2-million gallons of chemical dispersants, the possibility for such an examination and assessment of the toxicity of

sought to include dermal exposure assessment models for children and their recreational activities, such as swimming and play on contaminated beaches, so experts could use those models in conjunction with the "invisible oil" model to evaluate the minor decedent's exposure to a variety of harmful chemicals.

On April 27, 2021, Defendants filed the instant [37] Motion for Summary Judgment, arguing that Plaintiff failed to timely designate experts who could testify as to legal causation. Plaintiff filed a [43] Response, relying on the arguments set forth in his then-pending [34] Motion to Modify the expert designation deadline. Defendants filed a [45] Reply. On May 11, 2021, the Magistrate Judge issued an [42] Order declining to extend the expert designation deadline and citing this Court's decision in a similar case, *Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-456-LG-RPM. On May 25, 2021, Plaintiff filed a [46] Motion for Review of Magistrate Judge Order, arguing that the *Reeves* order, as well as the Magistrate Judge's reliance on it, was clearly erroneous and contrary to law. Specifically, Plaintiff

---

> the oil released from the Deepwater Horizon well mixed with chemical dispersants . . . did not exist before the development of these groundbreaking and state-of-the-art scientific models. However, although these models are complex and time-consuming for BP Clean-Up Workers, that complexity is magnified to assess different forms of exposure of a child who resided and engaged in recreational activities over a longer period. Since the Decedent is a child who did not perform Oil Spill Clean-Up Work as defined in the MSA, and for whom *occupational* exposure models would be insufficient and perhaps inapplicable, Plaintiff's counsel requires a reasonable amount of additional time to adapt the oil and exposure models so that Plaintiff's experts are diligently working on to the specific complex facts of this case.

(Pl.'s Mem., at ¶ 10, at 4-5, ECF No. 35) (emphasis in original).

claims that he does not "request an extension for the Invisible Oil Study, but rather requests an extension for the newly discovered research regarding potential oil exposure to children." (Pl.'s Obj., at 3, ECF No. 46). Yet, Plaintiff contradicts himself by admitting that the dermal exposure models to children rely on the Invisible Oil study developed by Dr. Perlin. (*See id.* at 4, 14; *see also* Pl's Mem. to Modify, at 4-5, 14, 22, ECF No. 35). Defendants filed a [47] Response, to which Plaintiff filed a [48] Reply.

## DISCUSSION

### I. Motion for Review of Magistrate Judge Order

"A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citing Fed. R. Civ. P. 72(a); 28 USC § 636(b)(1)(A)). A factual finding is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 319 (5th Cir. 2020) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). The magistrate judge's legal conclusions are reviewed de novo. *Moore*, 755 F.3d at 806.

In his [42] Order, the Magistrate Judge declined to modify the scheduling order to allow Plaintiff to develop exposure assessment models for minors. (*See* Order, ECF No. 42). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." The party seeking an extension must "show that the deadlines cannot reasonably be met despite the diligence of the

party needing the extension." *Filgueira v. U.S. Bank Nat'l. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). The four factors relevant to a determination of good cause are "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)

The Magistrate Judge's disputed [42] Order found that "[t]he material issues currently before this Court" were resolved in a related case, *Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-456-LG-RPM. In *Reeves*, this Court denied a Motion to Extend Deadlines to allow the plaintiff to designate the same expert, Dr. Natalie Perlin. (*See* Mem. Opinion & Order, ECF No. 68, *Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00456-LG-RPM (S.D. Miss. Feb. 24, 2021)). The Court applied the Rule 16(b) factors and found that the plaintiff had sufficiently explained the delay, but that an extension was not warranted because Dr. Perlin's "Invisible Oil" theory was untested and probably inadmissible under the Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (*See id.* at 4-5). In so holding, the Court cited the decision of the Southern District of Texas in *Melendez v. BP Expl. & Prod., Inc.*, Civil Action No. 4:19-cv-3158 (S.D. Tex. Dec. 3, 2020), which declined to extend the deadline to designate the same expert for like reasons. The Court further found that a late expert designation would prejudice the defendant, BP, by bringing further delay, expense, and effort in retaining new experts in

opposition to the theory, and that a continuance would not rectify these problems. (*Id.* at 5-6).

Plaintiff raises four objections to the Magistrate Judge's reliance on *Reeves* in denying his [34] Motion to Modify Court's Scheduling Order. In so doing, Plaintiff assails the Magistrate Judge's [42] Order on which it is based. First, Plaintiff asserts that the decision in *Reeves* is distinguishable from the instant case. Plaintiff bases his assertion on the fact that, in *Reeves*, the plaintiff was a clean-up worker who was exposed to oil occupationally, whereas the decedent minor was exposed to oil recreationally over a long period of time while living in Zone A. Plaintiff also avers that the order in *Reeves* was based on a different expert and different science than at issue here. The Court finds that Plaintiff relies on Dr. Perlin's Invisible Oil study as a basis for developing new exposure models, which would include the development of new reports not yet submitted to the Court.[4] It is unlikely that the theories, in conjunction with the dermal exposure models, will have been subjected to peer review or testing prior to trial. As stated by Magistrate Judge Myers, the material issue before the Court has been previously resolved.

Second, Plaintiff objects that the Magistrate Judge's Order sets a precedent that is contrary to *Daubert*. However, as previously stated by this Court in *Gibbs*[5]

---

[4] Plaintiff maintains that Dr. Perlin's expert report has been submitted in five BELO cases to date. (*See* Ex. A, ECF No. 48-2). The report does not address dermal exposure models as discussed by Plaintiff.

[5] *See* Order, ECF No. 59, *Gibbs v. BP Expl. & Prod., Inc.*, No. 1:20-cv-204-LG-RPM (S.D. Miss. May 19, 2021).

and *Salmons*,[6] the Court exercised the gatekeeping function under *Daubert* in relation to the second and third Rule 16(b) factors—namely, the importance of the expert testimony and potential prejudice to Defendant. The Court found in both of these cases that Dr. Perlin's opinions were most likely inadmissible, that it would needlessly complicate this matter, and that it would thereby prejudice Defendant. The fact that Plaintiff seeks to introduce expert reports concerning soil-skin adherence during recreational play on beaches does not alter this analysis; Dr. Perlin's study is paramount to Plaintiff's argument under the dermal exposure model. The Court considered the expert's admissibility only in connection to the importance of the expert and the additional expense, time and effort implicated by *Daubert* motion practice.[7]

Plaintiff's other two objections rest on the factual discrepancies between the plaintiff in *Reeves* and the minor decedent. Plaintiff cites Rule 16(b), asserting that the Magistrate's Judge's order was clearly erroneous because he did not conduct a

---

[6] *See* Order, ECF No. 57, *Salmons v. BP Expl. & Prod., Inc.*, No. 1:20-cv-38-LG-RPM (S.D. Miss. May 26, 2021).

[7] The Fifth Circuit, affirming a district court's exclusion of a late-designated expert, has considered the unreliability of the expert's opinion in its application of the Rule 16(b) factors. *See Garza v. Allstate Tex. Lloyd's Co.*, 284 F. App'x 110, 112 (5th Cir. 2008) (considering "the importance of the excluded testimony," and affirming the exclusion partly because the proposed expert testimony was likely not credible or reliable). Additionally, even if Plaintiff's experts were to develop exposure models and have them adequately tested and peer-reviewed, the Fifth Circuit has held that "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

good cause analysis for this case. However, Plaintiff's concerns are foreclosed by this Court's previous findings; while it may have been difficult for Plaintiff to retain an expert concerning invisible oil, the Court found the second, third, and fourth factors of the "good cause" analysis unsatisfied. (*See* Mem. Opinion & Order, at 4-6, ECF No. 68, *Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00456-LG-RPM (S.D. Miss. Feb. 24, 2021)). As previously mentioned, Plaintiff relies on Dr. Perlin's Invisible Oil study as a basis for developing new exposure models, which would include the development of new reports not yet submitted to the Court. Dr. Perlin's existing study does not concern the effect of "invisible oil" on children's recreational activities. A continuance would not resolve the prejudice that BP would suffer were it required to engage multiple experts to address new theories of the effects of "invisible oil" in conjunction with the dermal exposure models.

The Court is not persuaded by the Plaintiff's reliance on other BELO cases for justifying modification to the scheduling order. In agreement with the Magistrate Judge, the Court is convinced that the reasoning shared by *Reeves* is indistinguishable and applicable to Plaintiff's Motion. Hence, the Magistrate Judge did not commit clear error in relying on the *Reeves* decision, and the [46] Motion for Review of Magistrate Judge Order must therefore be denied.

## II. Motion for Summary Judgment

Defendants' [37] Motion for Summary Judgment was filed pursuant to Federal Rule of Civil Procedure 56(a), which provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

"In a BELO suit, a plaintiff must prove legal causation." *Harriel v. BP Expl. & Prod., Inc.*, No. 2:17-cv-197-KS-MTP, 2019 WL 2574118, at *1 (S.D. Miss. May 15, 2019) (citing MSA § VIII(G)(3)(a)(iv); *Piacun v. BP Expl. & Prod., Inc.*, No. 2:15-cv-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016)). "In a toxic exposure tort

case such as this, regarding causation evidence, the Fifth Circuit has explained as follows:

> General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence. Thus, there is a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence."

*Id.* at *3 (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)). Moreover, "[f]or a plaintiff to establish legal cause, 'scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain a plaintiff's burden in a toxic tort case.'" *Harriel*, 2019 WL 2574118, at *3 (quoting *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 723 (5th Cir. 2009)). Further:

> The Fifth Circuit requires that there be proof through medical testimony. For any testimony based on information derived outside the course of treatment, a Rule 26(a)(2)(B) expert report is required.

*Caballero v. BP Am. Prod. Co.*, No. 1:19-cv-305-HSO-JCG, 2020 WL 2497714, at *3 (S.D. Miss. May 14, 2020) (citing *Seaman*, 326 F. App'x at 723; *Harriel*, 2019 WL 2574118, at *3).[8] Hence, where a plaintiff "has not designated any expert, provided

---

[8] The Fifth Circuit has declined to "decide whether the toxic tort standard or another causation standard applies to BELO litigation." *McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 434 n.2 (5th Cir. 2020). With no word on the issue from the Fifth Circuit, the Court continues its practice of applying the toxic tort causation standard in BELO litigation. *See McGill v. BP Expl. & Prod., Inc.*, No. 1:18-cv-159-LG-RHW, 2019 WL 6053016, at *2 (S.D. Miss. Nov. 15, 2019) ("A lay

any admissible expert causation opinions, or shown proof of causation through medical testimony," the plaintiff "cannot carry her burden of proof on causation by providing scientific evidence of the harmful level of exposure to the chemicals, an essential element of her claim." *Caballero*, 2020 WL 2497714, at *3.

Like this Court's decision in *Gibbs*[9] and *Salmons*,[10] the same is true here. In opposition to summary judgment, Plaintiff maintains that he "requires a reasonable amount of additional time to adapt the oil and exposure models that Plaintiff's experts are diligently working on to the specific complex facts of this case." (Opp. to Mot. for Summ. J., at 7, ECF No. 43). He concedes that "the facts necessary for the non-movant to oppose summary judgment on the issue of 'exposure' are currently unavailable." (*Id.* at 11). Plaintiff therefore invokes Rule 56(d), which provides that, where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Because the Court affirms the Magistrate Judge's denial of an

---

jury will inevitably have just as much difficulty determining the extent of exposure to a chemical that is necessary to cause harm in maritime cases as in non-maritime cases. Therefore, no justification exists for permitting a jury to make such scientific calculations in a maritime case.").

[9] *See* Order, ECF No. 59, *Gibbs*, No. 1:20-cv-204-LG-RPM.

[10] *See* Order, ECF No. 57, *Salmons*, No. 1:20-cv-38-LG-RPM.

extension to designate this expert, the Court must regard this Rule 56(d) request as moot.

Beyond his proposed late designation of Dr. Perlin based on the Invisible Oil theory, as well as the dermal exposure models developed by various other experts, Plaintiff has not designated any experts to prove the essential legal causation element of his claim. *See McGill*, 2019 WL 6053016, at *4 ("In the absence of admissible expert testimony regarding the harmful level of exposure to Corexit and/or oil, plus knowledge that McGill was exposed to such quantities, McGill cannot establish that his exposure to these chemicals caused his medical conditions."). As such, BP is entitled to judgment as a matter of law, and this lawsuit must be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [37] Motion for Summary Judgment filed by Defendants, BP Exploration & Production Inc. and BP America Production Company, is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the [46] Motion for Review of Magistrate Judge Order filed by Plaintiff, Clayton Faerber, Individually and as the Administrator of the Estate of D.F., a Minor, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of June, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE